AURORA URIARTE VDA. DE MARTÍNEZ, demandante y apelante,
*v.* GONZÁLEZ PADÍN COMPANY, INC., demandada y apelada.

No. 3776.—*Visto:* Marzo 12, 1926. *Resuelto:* Mayo 18, 1926.

1. APELACIÓN Y ERROR—REVISIÓN—ALCANCE Y EXTENSIÓN EN GENERAL—CUESTIO-
NES LEVANTADAS QUE NO ES NECESARIO CONSIDERAR.—Cuando los motivos ale-
gados para revocar se fundan en errores al apreciar la prueba y del examen
de ésta no ha de revocarse la sentencia dictada a favor del demandado, puede
prescindirse en apelación de la alegación hecha por el demandado de no exis-
tir causa de acción contra él.

2. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLU-
SIONES—APRECIACIÓN DE LAS PRUEBAS—CONCLUSIONES SOBRE PRUEBA CON-
TRADICTORIA.—Cuando siendo la prueba contradictoria sólo se alega en ape-
lación que el conflicto se resolvió por la corte erróneamente, si del examen
de la prueba no puede concluirse que existe manifiesto error en la decisión
del conflicto, la sentencia apelada debe ser confirmada.

SENTENCIA de *Charles E. Foote*, J. (Primer Distrito, San Juan), de-
clarando sin lugar la demanda, con costas. *Confirmada.*

*Luis Janer, O. M. Wood, Luis E. Dubón* y *M. Benítez Flores*, abo-
gados de la apelante; *Travieso e Iriarte*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

[1] Todos los motivos alegados por la apelante para que
revoquemos la sentencia que declaró sin lugar su demanda

se fundan en error de la corte inferior al apreciar la prueba; y como por el examen que hemos hecho de ella no revocaremos la sentencia dictada a favor del demandado podemos prescindir de la alegación que hace ésta de no existir causa de acción contra ella.

[2] En la demanda reclama doña Aurora Uriarte viuda de Martínez que la corporación demandada González Padín Co., Inc. le pague cierta cantidad de dinero como indemnización por ciertas palabras proferidas por un empleado suyo contra la demandante y con tal fin alegó en su demanda que estando el día 14 de diciembre de 1923 en el establecimiento comercial de la demandada viendo unos pañuelos se separó del mostrador sin comprarlos y se puso a hablar a poca distancia con una amiga suya, acercándose entonces a ella un empleado de la demandada, quien en forma brusca y grosera la requirió para que le entregara una caja que la demandante tenía en las manos, diciéndole: ''Déme esa caja,'' y que al preguntarle para qué la quería le contestó ''Porque usted se ha robado un pañuelo,'' cuyas palabras dijo maliciosamente, sin causa o motivo y a sabiendas de que era falso; y que arrebatándole la caja la desenvolvió y la abrió en presencia de todo el público que se encontraba en aquellos momentos por aquel sitio en el establecimiento de la demandada, y que al descubrir dicho empleado que lo que contenía la caja eran unos baberos bordados por la demandante, aquél la tiró en el mostrador y se marchó.

La teoría de la contestación fué una negativa de los hechos expuestos en esa forma y alegación de que al notar dicho empleado que la demandante tenía en sus manos una caja de pañuelos sin envolver, muy parecida a las que se vendían en el establecimiento, se acercó a ella y se la pidió para envolvérsela, siguiendo la costumbre de la casa, y ella se la entregó voluntariamente para ser envuelta y así se hizo.

Ambas partes presentaron prueba en el juicio respecto

a la manera como respectivamente alegan que ocurrieron los hechos, consistente la de la demandante en su declaración y la de dos testigos, y la corte declaró que dada la forma apasionada de las declaraciones de los dos testigos de la demandante, tuvieron un marcado interés en declarar en favor de la demandante y que tal interés les indujo a hacer, como hicieron, una relación ilógica de los hechos ocurridos; y que se inclinaba a creer que los hechos sucedieron como los relatan los testigos de la demandada, aun cuando son empleados de ella, porque por la forma de declarar demostraron que no tenían interés marcado en dar una impresión de los hechos favorable a la demandada; y que considerando la evidencia en conjunto no se han probado preponderantemente los hechos de la demanda.

La evidencia presentada en el juicio por las partes fué contradictoria y no se alega por la apelante que la corte inferior resolviera el conflicto de ella movida por pasión, prejuicio o parcialidad sino erróneamente; y del examen que hemos hecho de la evidencia no podemos concluir que hubiera un manifiesto error en la decisión de dicho conflicto, tanto más cuanto que la corte que oye y ve declarar los testigos y puede por esto apreciar el carácter y condiciones de ellos según el juicio, está en mejores condiciones que nosotros para determinar del lado que está la credibilidad y la preponderancia de la prueba.

*La sentencia apelada debe ser confirmada.*